UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM BLOCK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMPANION LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. _____ |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff William Block ("Plaintiff"), individually and on behalf of all others similarly situated, for his Class Action Complaint against Defendant Companion Life Insurance Company ("Defendant" or "Companion"), states and alleges as follows:

**INTRODUCTION**

1. This is a class action to recover amounts that Defendant took from Plaintiff and members of a class of life insurance policy owners in breach of the express terms of their policies.

2. The terms of Plaintiff's life insurance policy provide for an "Accumulation Value."

3. Defendant has kept the Interest Rate on the policy's Accumulation Value artificially low because it failed to adjust interest rates in accordance with the express terms of the policy.

4. Defendant has caused material harm to Plaintiff and the proposed class members by keeping Interest Rates so low. Because of Defendant's breaches, Plaintiff and class members earned less money to pay future premiums; increase their death benefits; use as collateral for policy loans; or withdraw as cash.

1

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the claims asserted herein individually and on behalf of the Class pursuant to 28 U.S.C. §1332, as amended in 2005 by the Class Action Fairness Act. Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed class are citizens of a state different from that of Defendant.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to Plaintiff's causes of action occurred in this District in that, in 2006, Plaintiff visited Defendant's agent in this District, signed the application for life insurance in this District, made the initial premium payments from this District, and established the contract with Defendant while he was a resident in this District.

## PARTIES

7. Plaintiff William Block is an individual who resides in Kings County, New York.

8. Defendant Companion Life Insurance Company is a corporation with its principal place of business in Hauppauge, New York.

## FACTUAL BACKGROUND

9. Plaintiff purchased from Defendant a flexible premium life insurance policy bearing the policy number CL5091716, and a policy date of February 6, 2006, with an initial death benefit of $100,000. A true and accurate copy of Plaintiff's policy (the "Policy") is attached hereto as Exhibit A and incorporated herein by reference.

10. Plaintiff was the "owner" and "insured" under the Policy.

11. Defendant is the issuer and insurer of the Policy.

12. The Policy is a valid and enforceable contract between Plaintiff and Defendant.

13. "The entire contract is: (a) the policy; (b) the attached signed application; (c) any supplemental applications made part of the policy; (d) any riders; and (e) any endorsements and amendments." Ex. A at p. 12.

14. "Any change made to the policy requires an Executive Officer's written consent. An agent does not have authority to change the policy or waive its terms." *Id.*

15. Defendant administers all aspects of the Policy, and all policies that fall within the class definition set forth below (together, the "Policies"), including collecting premiums, and setting, assessing and deducting charges from the Accumulation Value.

16. Premium dollars are paid to Defendant and included in the Accumulation Value. Ex. A at p. 8.

17. The Policies define "Accumulation Value" as "the accumulation at Interest of the premiums paid and any additional payments made, less all applicable policy administrative charges, premium expense charges, and fees, less any partial withdrawals and withdrawal fees, less surrender charges applicable to reductions in the specified face amount, and less cost of insurance charges for the base plan and any rider charges." Ex. A, p. 6 of data pages.

18. The Policies define Interest Rate as "an annualized rate of Interest. (Note: To calculate Interest, we will multiply the accumulation value or Proceeds by a daily periodic rate which, when compounded daily, will result in the accumulation value of Proceeds earning the Interest Rate set in accordance with the applicable provisions of the Policy.)" Ex. A, p. 1.

19. The Accumulation Value earns interest as provided by the Policies. *Id.* and p. 8.

20. The Policies contain provisions regarding the guaranteed interest rate for the Accumulation Value of each policy. The data pages for each of the Policies list the guaranteed rate for a particular policy. *See* Ex. A, pp. 2, 5 of the data pages. The policies also state:

> We guarantee to credit Interest to the accumulation value each policy year at an Interest Rate not less than the guaranteed minimum Interest Rate shown on the data pages. Using a procedure approved by our board of directors, we may recredit Interest at a higher Interest Rate on the unloaned accumulation value. Any excess Interest credited is nonforfeitable except indirectly due to surrender charges, and will be credited no less frequently than annually and will be based on future expectations of expenses as well as investment earnings.
>
> We will review these rates on a monthly basis. We will increase the current Interest Rate applied to the unloaned accumulation value by 0.5% in policy years six and later, if the then current Interest Rate is greater than the guaranteed minimum Interest Rate. Each excess interest rate increase reflects a corresponding decrease in our holdback margin for profit and expenses. Ex. A., p. 8.

21. The policy issued to Plaintiff has a guaranteed minimum interest rate of 3%. *See* Ex. A, pp. 2, 5 of the data pages. Defendant has applied the minimum guaranteed interest rate since the inception of the policy, over 18 years ago. According to the Policies' own terms, however, the interest rates are supposed to increase by 0.5% after year six of the policy, which is after February 2012.

22. Upon information and belief, since 2012, the "current Interest Rate" has been "greater than the guaranteed minimum Interest Rate" because interest rates are significantly higher than 3%. For example, the current yield for a one-year U.S. Treasury Bill is 5.173%. The current Federal Funds Rate is 5.5%. The current Prime Rate is 8.5%.

23. Since August, 2019, Defendant has applied the guaranteed minimum interest rate, contrary to the Policies' terms. Upon information and belief, Defendant is not regularly reviewing the interest rates it applies. Upon information and belief, Defendant is not calculating interest rates in accordance with the Policies' terms.

4

24. As a direct and proximate result of Defendant's breaches, Plaintiff and the proposed class members have been damaged. In particular, Plaintiff and Class Member Accumulation Values are lower than they otherwise should have been. Moreover, Defendants actions have caused Policies to lapse when they otherwise would not have.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this case as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and an Insurance Rate class (the "Rate Class") defined as follows:

> All persons who own or owned a universal life policy issued by Companion on a policy that provides, "We will increase the current Interest Rate applied to the unloaned accumulation value by 0.5% in policy years six and later, if the then current Interest Rate is greater than the guaranteed minimum Interest Rate."

26. Excluded from the Class are the Defendant, any entity in which the Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsel's firms, any Judge to whom his case is assigned, and the Judge's immediate family.

27. The members of the Class are so numerous that joining all members is impractical. Upon information and belief, the Class includes thousands of persons.

28. Plaintiff's claims are typical of the claims of the members of the Class because the express terms of the Policies purchased from Defendant by Plaintiff and Class members contain identical provisions on calculating interest rates applied to the Accumulation Values.

29. There are questions of law and fact common to the Class, and these questions predominate over questions affecting only individual Class Members. Common legal and factual questions include:

  (a)  Whether Defendant breached the terms of the Policies;

  (b)  Whether Defendant reviewed its interest rates applied to the Accumulation Value of the Policies;

  (c)  Whether the Class was injured as a result of Defendant's wrongful conduct;

  (d)  Whether the Class is entitled to damages, restitution, and/or other relief as a remedy for Defendant's conduct; and

  (e)  Whether the Class is entitled to declaratory relief stating the proper construction and/or interpretation of the Policies.

30. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and Class members. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of these claims. Even if class members could afford to pursue individual litigation, the court system could not. Individualized litigation would risk inconsistent or contradictory judgments while increasing the delay and expense to all parties, and to the judicial system, from the complex legal and factual issues presented here. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court.

31. Certification is warranted under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLAIMS FOR RELIEF

### FIRST CLAIM
### Breach of Contract

32. Plaintiff re-alleges all prior allegations in the Complaint.

33. Plaintiff and the Class purchased Policies from Defendant.

34. The Policies are valid and enforceable contracts between the Defendant and Plaintiff and the Class.

35. Plaintiff and the Class substantially performed their obligations under the Policies.

36. Defendant has kept the interest rates it applies on the Accumulation Value of the Policies at the policy minimum in violation of the terms of the Policies, which call for increases in the interest rate after the Policies' sixth year and for a monthly review of the Policies' interest rates.

37. Because Defendant has kept the interest rates it applies artificially low inconsistent with the terms of the Policies, Defendant has depressed the Accumulation Value of the Policies.

38. Defendant's failure to review interest rates on a monthly basis and to increase the interest rate under the terms of the Policies constitutes a breach of the Policies.

39. As a direct and proximate result of Defendant's ongoing and continuing breach, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

### SECOND CLAIM
### Breach of the Duty of Good Faith and Fair Dealing

40. Plaintiff re-alleges all prior allegations in the Complaint.

41. The Policies held by Plaintiff and the Classes are valid, enforceable contracts with Defendant.

42. Under New York law, a contract has an implied covenant of good faith and fair dealing.

43. Defendant breached the covenant of good faith and fair dealing by failing to increase the Policies' interest rates in contravention of the terms of the Policies.

44. By failing to adjust its interest rates upward from the minimum guaranteed level, Defendant deprived Plaintiff and the Class from receiving the expected Accumulation Value of their Policies.

45. As a direct and proximate result of Defendant's ongoing and continuing breach, Plaintiff and the Class have sustained damages that are continuing in nature in an amount to be determined at trial.

## THIRD CLAIM
## Violation of New York GBL § 349

46. Plaintiff re-alleges all prior allegations in the Complaint.

47. Plaintiff and the members of the Class are "persons" within the meaning of N.Y. Gen. Bus. Law § 349(h). Plaintiff and the members of the Class are consumers.

48. N.Y. Gen. Bus. Law § 349(a) makes unlawful deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in New York State.

49. Defendants engaged in business, trade, or commerce, or in the furnishing of service in New York.

50. Defendant's conduct complained of herein consisted of deceptive acts and practices in the form of misrepresentations and omissions during the conduct of business in New York in violation of N.Y. Gen. Bus. Law § 349(a), including concerning the Policies' interest rates.

51. Defendant knew or should have known that that its practices, as discussed herein, were misleading and likely to deceive and mislead Plaintiff and the Class.

52. Plaintiff and the Class have been injured as a result of Defendant's violations of N.Y. Gen. Bus. Law § 349(a).

53. Defendant's deceptive acts and practices have directly, foreseeably, and proximately caused damages and injury to Plaintiff and the Class.

54. Plaintiff and the Class are entitled to pursue claims against Defendants under N.Y. Gen Bus. Law § 349(h) to redress Defendant's violations of N.Y. Gen. Bus. Law § 349(a).

## FOURTH CLAIM
### Declaratory and Injunctive Relief

55. Plaintiff re-alleges all prior allegations in the Complaint.

56. An actual controversy has arisen and now exists between Plaintiff and the Class members, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policies.

57. Plaintiff contends that Defendant breached and continues to breach the Policies by imposing improperly low Policy interest rates that reduce the interest credited to the Accumulation Value of Class Members

58. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policies and requests the Court to declare Defendant's conduct as unlawful and in material breach of the Policies so that future controversies may be avoided.

59. Pursuant to a declaration of the parties' respective rights and duties under the Policies, Plaintiff further seeks an injunction: (1) temporarily, preliminarily, and permanently enjoining Defendant from continuing to engage in conduct in breach of the Policies, and from continuing to pay insufficient Policy interest; (2) ordering Defendant to comply with terms of the Policies in regards to its assessment Policy interest rates; (3) reinstating any Policies that have lapsed as a result of Defendant's conduct.

## **PRAYER FOR RELIEF**

For these reasons, Plaintiff prays that judgment be entered against Defendant and requests that the Court award the following relief:

A. That the Court enter an order certifying the Class, appointing Plaintiff as a representative of the Class, appointing Plaintiff's counsel as Class counsel, and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the Class members;

B. For a judgment against Defendant for the causes of action alleged against it;

C. For compensatory damages in an amount to be proven at trial;

D. For punitive and exemplary damages;

E. For a declaration that Defendant's conduct as alleged herein is unlawful and in material breach of the Policies;

F. For appropriate injunctive relief enjoining Defendant from continuing to engage in conduct related to the breach of the Policies, including reinstatement of Policies that have lapsed because Defendant charged excessive amounts or failed to credit interest at the appropriate interest rate;

G. For pre-judgment and post-judgment interest at the maximum rate permitted by law;

H. For Plaintiff's costs incurred; and

I. Any other relief the Court determines is just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all claims so triable.

Dated: July 8, 2024                              Respectfully submitted,

/s/ Ronen Sarraf
Ronen Sarraf
Joseph Gentile
SARRAF GENTILE LLP
10 Bond Street, Suite 212
Great Neck, NY 11021
Tel: (516) 699-8890
Fax: (516) 699-8968
joseph@sarrafgentile.com
ronen@sarrafgentile.com

Robert A. Izard (*pro hac vice forthcoming*)
Craig A. Raabe
Seth R. Klein (*pro hac vice forthcoming*)
IZARD, KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
rizard@ikrlaw.com
craabe@ikrlaw.com
sklein@ikrlaw.com

*Plaintiffs' Counsel*